IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00563-WYD-KMT

BARBARA K. DUBROVIN,

    Plaintiff,

v.

THE BALL CORPORATION CONSOLIDATED WELFARE BENEFIT PLAN FOR EMPLOYEES,
THE BALL CORPORATION LONG-TERM DISABILITY COVERAGE PLAN, also know as the Ball Corporation Long-Term Disability Plan for Salaried Employees, and also known as the Ball Corporation Long-Term Disability Plan (LTD),
BALL CORPORATION, an Indiana corporation,
THE BALL CORPORATION EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE, and
BALL AEROSPACE & TECHNOLOGIES CORP., a Delaware corporation,

    Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion to Allow Discovery" [Doc. No. 51, filed October 6, 2008] and "Plaintiff's Motion to Compel Complete Discovery Responses" [Doc. No. 55, filed October 22, 2008].

This ERISA case involves a former employee of Ball Aerospace & Technologies Corp. who, having been originally approved for long term disability (LTD) benefits under the employer's Plan, was later denied benefits. Following several unsuccessful appeals of her

termination of benefits, this suit followed seeking District Court review of the Plan administrator's decision.

Plaintiff asserts procedural irregularities apparent in the administrative record, coupled with Ball Corporation's inherent conflict of interest LTD Plan provisions, entitles her to limited discovery beyond that previously ordered by the court. Plaintiff seeks discovery directed at the composition of the administrative record, the conflict of interest of the Plan administrator and its employees and any other substantial procedural irregularities in the administration of plaintiff's disability claim.

Defendants have responded that this court's May 2, 2008 Order limits the plaintiff's discovery to only those factors set forth in *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1097 (10th Cir. 1990) and *Sullivan v. Limited Co. Long Term Disability Plan*, 2008 WL 659641, at *8-9 (D. Colo. 2008). Defendants claim they have fully responded to the Plaintiff's Discovery to the extent it was within the bounds of and compliant with the court's May 2, 2008 order. Further, defendants assert that the plaintiff has far exceeded the number of written discovery requests by the court's order.[1] (See, "Defendants' Response to Plaintiff's Motion to Allow Additional Discovery" [Doc. No. 57, filed October 24, 2008] and "Defendants' Response to Plaintiff's Motion to Compel Discovery" [Doc. No. 62, filed November 11, 2008]).

---

[1]Since this Order will limit the plaintiff to specific discovery requests well within the previously ordered amount, it is unnecessary to resolve this objection at this time.

Plaintiff filed replies on November 10, 2008 [Doc. No. 61] and November 21, 2008 [Doc. No. 63], respectively. Both motions have been referred to this court for disposition and are ripe for review and ruling.

*Background*

The Complaint was filed on or about February 20, 2008 in the Denver District Court and was removed by defendants to this court on March 19, 2008. The Complaint was brought "for the purpose of achieving a complete adjudication of the merits of Barbara Dubrovin's right to LTD benefits . . ." [Compl., Doc. No. 2 at ¶ 13]. Plaintiff asserts a claim for LTD benefits under the Ball Plan from October 31, 2003 to present and continuing [Compl., First Claim for Relief] and for related employee benefits and coverages [Compl., Second Claim for Relief]. Defendants Answered the Complaint on April 23, 2008, repeatedly referencing the "Claim Record" as providing the response to many of the plaintiff's allegations. [Doc. No. 12]. A Scheduling Conference was held by this court on May 2, 2008. After hearing argument by counsel, this court allowed limited discovery on conflict of interest issues, [Transcript of May 2, 2008 hearing ("Tr.")[Doc. No. 60] at 28] but rejected the plaintiff's requests for discovery as to the composition of the administrative record as well as on procedural irregularities. [Tr. at 33].

*Legal Standard*

Ball Corporation ("Ball") sponsors a long-term disability ("LTD") benefit plan for certain employees of Ball and its affiliates. The Plan is self-funded, and administered by the Employee Benefits Administration Committee ("EBAC"), composed of Ball employees. Ball is

the designated Plan administrator and Ball has delegated the determination of benefits decisions to the EBAC. [Doc. No. 19, Affidavit of CEO of Ball Corp, David A. Westerlund, ¶ 2].

Under the type of disability plan at issue in this case, a plan administrator's decision to deny benefits is subject to an arbitrary and capricious standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Recently, the Supreme Court confirmed its holding in *Firestone*, but provided for a lesser standard of deference in cases where a company both makes the determinations concerning LTD benefits and also funds those benefits when they are approved. The court said, "We believe that *Firestone* means what the word "factor" implies, namely, that when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one. *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2351 (2008).

In applying the arbitrary and capricious standard, courts are generally "limited to the 'administrative record'-the materials compiled by the administrator in the course of making his decision." *Fought v. Unum Life Ins. Co. of Am.*, 379 F.3d 997, 1003 (10th Cir. 2004) (*quoting Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir.2002)); *See also*, *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1111 (10th Cir. 2008) (post *Glenn* decision.).

When a plan administrator operates under an inherent conflict of interest, i.e. the company both holds approval power over benefits and also funds benefits if awarded, or when a serious procedural irregularity exists, a reduction in deference to the administrator's decision may apply. *See*, Kathryn J. Kennedy, *Judicial Standard of Review in ERISA Benefit Claim Cases*, 50 Am. U. L. Rev. 1083, 1173 (2001); *See Glenn*, 128 S. Ct. at 2351-52 (explaining that

4

an inherent conflict of interest could prove more or less important depending on the conflict of interest's magnitude and the unique circumstances in any given case.). *See also Pitman v. Blue Cross and Blue Shield of Okla.*, 217 F.3d 1291, 1296 n. 4 (10th Cir. 2000).

The Tenth Circuit has held that in an inherent conflict of interest ERISA case, a review of evidence outside the administrative record may be acceptable but extrinsic "evidence should only be admitted to the extent that the party seeking its admission can show that it is relevant to the conflict of interest and that the conflict of interest in fact requires the admission of the evidence." *Hall*, 300 F.3d at 1205. Recent cases in this Circuit and District do not consider *Glenn* as prescribing a sea change in the standard of review in conflict of interest cases. *See Weber*, 541 F.3d at 1010 (deference "dialed back" when inherent conflict of interest and recognizing viability of sliding scale deference.); *Kohut v. Hartford Life and Acc. Ins. Co.*, 2008 WL 5246163, *3 (D. Colo., December 16, 2008) (when "arbitrary and capricious standard of review applies, a conflict of interest arising from a single entity acting as both a policy insurer and a plan administrator does not affect this deferential standard of review; instead, such a conflict is merely one factor the district court must weigh in determining whether a plan administrator abused its discretion in deciding a claim.").

A court is not always restricted to the administrative record when applying an arbitrary and capricious standard if the record shows that defendant had knowledge of additional and readily available information that may have shown an entitlement to benefits. *Basquez v. East Cent. OK Elec. Co-op., Inc*., 2008 WL 906166, 9 (E.D. Okla., 2008). Considering the Supreme Court's decision in *Glenn* and the subsequent case law in this Circuit, this court takes the view

that extrinsic evidence could be admitted to the extent necessary for the reviewing court to decide what weight to give to the conflict of interest factor.

**Analysis**

Having filed her motion to supplement the record, plaintiff now seeks further discovery from plaintiff primarily on issues involving the composition of what defendants referred to in their Answer as the "Claim Record." The Claim Record has been combined with the relevant Plan coverage documents as well as minutes of meetings of the EBAC related to discussion or decisions in the plaintiff's claim, to form what has been filed in this court as the administrative record.

At the hearing on May 2, 2008, the court disallowed discovery into the Plan's compilation of the contents of the administrative record on the basis that the <u>complete</u> claim file would be submitted as part of the administrative record. Catherine Crane, appearing on behalf of the defendants at the hearing, represented to the court,

> "Concerning the administrative record, it is standard procedure, as you no doubt know, in a ERISA case for the fiduciary to submit the claim file to the plaintiff as well as to the Court as part of the administrative review process."

(Tr. at 8, l. 7-11). Later, Ms. Crane stated,

> So we believe that there is no reason to have any kind of discovery on the content of the administrative record and how it came to be. It is no different than in any case in which a claim file is opened and <u>all the information</u> that passes between the claimant, the claimant's physicians, any independent physicians, and the claimant's attorney and the plan itself, all of that is put into the file."

(Tr. at 9, l. 8-14) (emphasis added). Taking the defendants at their word, the court disallowed further discovery into the contents of the administrative record, stating,

6

> THE COURT: "I am not going to allow you to do extensive discovery on the contents of the administrative record, but on the other hand, I am going to direct Ball that the administrative record needs to be complete, and that's a Court order."

(Tr. at 23, l. 2-7).

Unfortunately, this court's initial review of the administrative record as filed and as supplemented by Ball does not appear to have been complete as both ordered and anticipated by the court on May 2, 2008. As noted in the Court's Order dated December 31, 2008 [Doc. No. 64], there were at least three categories of information which were not included in the administrative record filed in the court, but which were either unequivocally considered by the Plan and contained in the record at one point, or which were mailed to the Plan and should have been filed in the Claim Record: a September 30, 2003 report of Dr. Mitchell Nudelman; a letter from plaintiff to Linda Berntson, the Plan's "Manager, Welfare Plans Administration" with attached reports from plaintiff's treating physician, Dr. Hammerly; and, a letter from plaintiff's attorney, Mike Hulen, to Debbie A. Kawaguchi, "Manager, Welfare Plans Administration" with fifteen pages of medical and other information attached, again primarily from plaintiff's treating physician, Dr. Hammerly. This court considers these omissions to be a *prima facie* showing of procedural irregularities which are apparent from the face of the administrative record.

At the time of the court's order refusing to allow discovery into how the Plan administrator intended to compile the administrative record, the court made it clear that the complete contents of any item, document or other information which was reviewed by anyone on the EBAC should be part of the administrative record. Since the plaintiff has now presented evidence that the court's expectation was perhaps sanguine, the need for the plaintiff to explore

7

what other items and documents may have been omitted from the administrative record – if such documents were considered by the EBAC in making a denial decision -- is patent.

The court is not persuaded of any relevance to by defendants' argument made in their Response to Plaintiff's Motion to Supplement the Record [Doc. No. 48] that the omitted information is inconsequential since the Plan's decision to deny LTD benefits was based on the fact that she did not attend an IME as required. This argument may or may not have traction at a later stage of these proceedings. The issue before the court at present is whether discovery should be allowed into an area where the court's order and expectation was more than clear and the record filed, at least on the face of the information before the court at this point, less than complete.

The Supreme Court has recently held that a Plan subject to the provisions of ERISA which contains dual role provisions in which an insurer "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket ... creates a conflict of interest." *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. at 2346. The Court further held that a reviewing court should consider such conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits, and that the significance of the factor will depend upon the circumstances of the particular case. *Id.* In the Tenth Circuit, deference to the plan administrator's decision is lessened in varying degrees if a conflict of interest exists. *See Firestone*, 489 U.S. at 115; *Kimber*, 196 F.3d at 1097. When such a conflict of interest exists,

the Tenth Circuit undertakes a "sliding scale" analysis,[2] according deference in inverse proportion to the degree of seriousness of the conflict. *See Allison v. Unum Life Ins. Co. of America*, 381 F.3d 1015, 1021 (10th Cir.2004); *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1291 (10th Cir. 1999); *Paul v. Hartford Life And Acc. Ins. Co.,* 2008 WL 2945607, *1 (D. Colo. 2008). In a situation such as this one, the burden of proof is on the plaintiff to prove the existence of the conflict, *see Fought*, 379 F.3d at 1005, and to prove that any such conflict jeopardized the administrator's impartiality. *See id.; Cirulis v. UNUM Corp.*, 321 F.3d 1010, 1017 n. 6 (10th Cir. 2003); *Kimber*, 196 F.3d at 1097. Willful omission of evidence favorable to the plaintiff (at least with respect to items 2 and 3), might be probative of seriousness of the conflict. If a plaintiff succeeds on her burden of proof, the plan administrator bears the burden of proving the reasonableness of its decision pursuant to the court's traditional arbitrary and capricious standard. *Fought*, 379 F.3d at 1006. "The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." *Id*.

Under the circumstances of this case, the Court finds that the burden of proof placed on the plaintiff by the Tenth Circuit itself justifies limited discovery in this case. *Glenn* indisputably puts Ball's LTD Plan as one with an inherent conflict of interest. Plaintiff should

---

[2]Defendants argue that Glenn essentially rejects the Tenth Circuit's method in adjusting the deference shown to a plan administrator according to the seriousness of a conflict of interest. However, a determination of this question is not necessary to the adjudication of the within motion and therefore, will not be addressed.

be allowed to discover the scope of that conflict in an attempt to meet her burden. *See Paul*, 2008 WL 2945607 at *2 (collecting cases where discovery was permitted on conflict of interest cases); *see also Wolberg v. AT & T Broadband Pension Plan*, 123 Fed. Appx. 840, 843 n. 2 (10th Cir. 2005) (criticizing a plaintiff for simply mentioning the existence of a conflict of interest, but failing to pursue the matter and to seek discovery). However, the scope of the discovery must still be circumscribed to the purposes for which it is being allowed. It would not be proper to allow plaintiff to conduct discovery directed to the factual merits of her claim. The court will, however, permit limited discovery related to the conflict of interest in this case, including the procedures and criteria used by Ball to create the administrative record filed in this case.

Plaintiff has attached to the motions her several propounded discovery requests. The defendants will be required to provide full and complete responses, as ordered herein on or before **February 1, 2009**.

It is **ORDERED**:

"Plaintiff's Motion to Allow Discovery" [Doc. No. 51] and "Plaintiff's Motion to Compel Complete Discovery Responses" [Doc. No. 55] are **GRANTED in part**. The defendants shall provide complete and accurate discovery responses to the following discovery previously propounded by plaintiff:

<u>Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions [Doc. No. 51-2]</u>[3]

Interrogatory No. 4, sentence #1;

Interrogatory No. 4, sentence 2, but only to the extent it calls for information about the contents of the **administrative record** which was filed with the court, not criteria or considerations about what to include in the "Claim Record" as that term was used in defendants' Answer;

Interrogatory No. 5, in full.

Request for Production of Documents No. 1, but only to the extent the request calls for items, documents or other information which were included in the "Claim Record"(as that term was used in defendants Answer) but which were not included in the administrative record filed with the court;

Request for Admissions Nos. 17, 18, and 19.

<u>Plaintiff's Second Interrogatories to Defendants [Doc. No. 51-5].</u>

Interrogatory No. 1, in full.

All other discovery requests are denied as overbroad, irrelevant and/or improperly seeking discovery into the merits of the claim.

It is further **ORDERED**

---

[3]Interrogatory No. 1 is not listed herein solely because the court considers the defendants' response already rendered to Interrogatory No. 1 to be fully sufficient.

The parties requests for attorney's fees in connection with the Motion to Compel are DENIED. Each party shall bear its own costs and fees.

Dated this 31st day of December, 2008.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge