IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00563-WYD-KMT

BARBARA K. DUBROVIN,

    Plaintiff,

v.

THE BALL CORPORATION CONSOLIDATED WELFARE BENEFIT PLAN FOR EMPLOYEES,
THE BALL CORPORATION LONG-TERM DISABILITY COVERAGE PLAN, also know as the Ball Corporation Long-Term Disability Plan for Salaried Employees, and also known as the Ball Corporation Long-Term Disability Plan (LTD),
BALL CORPORATION, an Indiana corporation,
THE BALL CORPORATION EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE, and
BALL AEROSPACE & TECHNOLOGIES CORP., a Delaware corporation,

    Defendants.

---

**ORDER**

---

This matter is before the court on "Defendants' Motion for Clarification." [Doc. No. 69, filed January 13, 2009.] Plaintiff filed a response on February 2, 2009 [Doc. No. 75] and Defendants replied on February 17, 2009. [Doc. No. 86.]

Neither the response nor the reply addressed the issues raised in the original motion and were singularly unhelpful to the court and therefore will not be considered.

The defendants' motion seeks "clarification" of two portions of the court's order concerning discovery [Doc. No. 65]: 1) the meaning of the phrase "[t]his court considers these omissions to be a *prima facie showing* of procedural irregularities . . .", *id.* and; 2) "clarification concerning the status of a 'standard of review' determination." (Mot. at 1.)

This court sees no need to elaborate on the meaning of "a prima facie showing." The defendants correctly defined the phrase and the order is clear in its import as it related to whether or not discovery on certain matters and issues – issues which might be relevant to the standard of review as it would be applied by Chief Judge Daniel on his review of the merits of the case – would be allowed. Fed. R. Civ. P. 26(b)(1) provides

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.* (emphasis added).

Further, the Order could hardly have been more clear than to state, ". . . a determine of this question [the standard of review and the deference to be accorded to the administrator of the plan] is not necessary to the adjudication of the within motion [Plaintiff's Motion to Allow Discovery] and therefore will not be addressed."

Wherefore, it is **ORDERED** Defendants' Motion for Clarification [Doc. No. 69] is **DENIED**.

Dated this 1st day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge