IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00563-WYD-KMT

BARBARA K. DUBROVIN,

    Plaintiff,

v.

THE BALL CORPORATION CONSOLIDATED WELFARE BENEFIT PLAN FOR EMPLOYEES,
THE BALL CORPORATION LONG-TERM DISABILITY COVERAGE PLAN, also know as the Ball Corporation Long-Term Disability Plan for Salaried Employees, and also known as the Ball Corporation Long-Term Disability Plan (LTD),
BALL CORPORATION, an Indiana corporation,
THE BALL CORPORATION EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE, and
BALL AEROSPACE & TECHNOLOGIES CORP., a Delaware corporation,

    Defendants.

---

**ORDER**

---

    This matter is before the court on defendants' "Motion to Strike Plaintiff's "Reply" to Defendants' Discovery Responses." [Doc. No. 87, filed February 18, 2009.] "Plaintiff's Response to Defendants' Motion to Strike [Doc. # 87]" was filed on February 23, 2009 [Doc. No. 91] and defendants' "Reply in Support of Motion to Strike Plaintiff's "Reply" to Defendants' Discovery Responses" was filed on March 4, 2009 [Doc. No. 92].

On December 31, 2008, this court issued an Order requiring the defendants to provide certain specific additional discovery to the plaintiff.[1] [Doc. No. 65.] The defendants complied with the court's order, filing "Defendants' Responses to Discovery Order of December 31, 2008" [Doc. No. 76] (hereinafter "Discovery Response). Responses to discovery are not normally filed with the court. It appears to the court that the filing of the Discovery Response was an attempt on the part of the defendants to demonstrate compliance with the court's order. By filing the Discovery Response, however, and by beginning the document with a category entitled, "General Objections Applicable to All Discovery Requests," the defendants invited both the court and the plaintiff to view the document as an attempt to re-argue their position that additional discovery, which had already been ruled upon by the court, was not appropriate. (Disc.Rsp. ¶ 1.) In fact, paragraph two of the Discovery Response made the argument that since this is an ERISA case "discovery beyond the contents of the Administrative Record compiled at the time the claim was decided is inappropriate and unwarranted." (*Id.* ¶ 2.) Additionally, the defendants cited case law in support of this general proposition, arguing again the standard of

---

[1] The Order required the defendants to provide "complete and accurate discovery responses" to: *Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions* – Interrogatory No. 4, sentence #1; Interrogatory No. 4, sentence #2, (but only to the extent it calls for information about the contents of the administrative record which was filed with the court, not criteria or considerations about what to include in the "Claim Record" as that term was used in defendants' Answer; Interrogatory No. 5, in full; Request for Production of Documents No. 1 (but only to the extent the request calls for items, documents or other information which were included in the "Claim Record"(as that term as used in defendants Answer) but which were not included in the administrative record filed with the court; Request for Admissions Nos. 17, 18, and 19; and with respect to *Plaintiff's Second Interrogatories to Defendants* – Interrogatory No. 1, in full.

review applicable to ERISA cases involving a denial of benefits. (*Id.*) In addition to the first two paragraphs, the defendants noted objections to the discovery in three more paragraphs before beginning the responses ordered by the court. (*Id.* ¶¶ 3-5.)

It is unfortunately clear why Plaintiff erroneously felt that a responsive pleading was appropriate and necessary to re-argue her position as well.

Both the defendants' Document No. 76 and the plaintiff's Document No. 85 were inappropriately filed with the court. Discovery responses from defendants should have been submitted directly to the plaintiff, including the affidavits, declarations and other material which the defendants determined were responsive to the discovery requests for which more complete responses had been ordered. Plaintiff should not have followed the defendants' inappropriate lead to engage in continued argument about issues which were either already decided by the court or which will be resolved at a later stage of the case. If plaintiff was dissatisfied with the discovery which had been provided by defendants, the remedy, after conferral, was a motion to compel.

Wherefore, it is ORDERED:

1. Defendants' Motion to Strike Plaintiff's "Reply" to Defendants' Discovery Responses [Doc. No. 87] is GRANTED. "Plaintiff's Reply to Defendants' Responses to Discovery Order of December 31, 2008" [Doc. No. 85] is hereby STRICKEN.

It is further ORDERED:

2. "Defendants' Responses to Discovery Order of December 31, 2008" [Doc. No. 76], together with all attachments thereto, is also hereby STRICKEN.
3

3.   The request for attorneys fees and costs by defendants is DENIED.

Dated this 5th day of May, 2009.

                                        **BY THE COURT:**

                                        Kathleen M. Tafoya
                                        United States Magistrate Judge