IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00563-WYD-KMT

BARBARA K. DUBROVIN,

    Plaintiff,

v.

THE BALL CORPORATION CONSOLIDATED WELFARE BENEFIT PLAN FOR EMPLOYEES;
THE BALL CORPORATION LONG-TERM DISABILITY COVERAGE PLAN, also known as The Ball Corporation Long-Term Disability Plan for Salaried Employees, also known as The Ball Corporation Long-Term Disability (LTD);
BALL CORPORATION, an Indiana corporation;
THE BALL CORPORATION EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE; and
BALL AEROSPACE & TECHNOLOGIES CORPORATION, a Delaware corporation,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Strike Plaintiff's Brief on the Merits and Plaintiff's Statement of Facts [doc. # 110], filed September 11, 2009. Defendants seek therein to strike the above-referenced filings because they contravene Court Orders of June 6, 2009 and December 30, 2008 by citing to and relying upon inadmissible extra-record evidence.  Further, Defendants request that Plaintiff resubmit these filings only after she has removed all citations and references to inadmissible extra-record evidence, and all factual assertions and legal argument supported by citations and references to the inadmissible extra-record evidence.

In response, Plaintiff first argues that Defendant's motion to strike is inappropriate as Defendant is not seeking to strike material from a "pleading." *See* Fed. R. Civ. P. 12(f) ("the court may strike from a pleading . . . . any redundant, immaterial, impertinent, or scandalous matter.")  The Tenth Circuit has stated that "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." *Searcy v. Soc. Security Admin.,* No. 91-4181, 1992 WL 43490, at *3 (10th Cir. March 2, 1992) (unpublished).  "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore et.al., *Moore's Federal Practice* § 12.37[2] (3d ed. 2004) (cited with approval in *Searcy*).  Thus, Plaintiff's argument may be accurate under Rule 12(f).

However, Plaintiff acknowledges that the Tenth Circuit has indicated that the court has discretion to strike materials that are in non-compliance with the Local Rules. *See In Re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n. 6 (10th Cir. 1998).  I believe this same rationale would extend to submitting materials that the court has ruled by Order may not properly be relied on.  *See Lewis v. Michaels Stores, Inc.*, No. 05-cv-1323, 2007 WL 2254502, at *13 (M.D. Fla. 2007) ("the court may strike an affidavit or brief as a sanction for noncompliance with court orders. . . . ") (citing cases).
In this case the Orders of December 30, 2008 and June 16, 2009, denied Plaintiff leave to supplement the record with materials that she now attaches to her Brief on the Merits and Statement of Facts.  By deciding that extra-record evidence would not be allowed to

supplement the record, the Court's Orders addressed whether extra-record evidence would be admissible for consideration of Plaintiff's ERISA claim, and decided that it would not.  From this, Plaintiff clearly knew or should have known that she was precluded from reliance on these materials, but chose to ignore the Court Orders.  Accordingly, I find that the motion to strike is proper.

Plaintiff also opposes the motion on the grounds that she has satisfied criteria under ERISA for this Court to reconsider its Orders of June 6, 2009 and December 30, 2008, which denied Plaintiff leave to supplement the administrative record with these materials.  However, Plaintiff already sought review and reconsideration of Magistrate Judge Tafoya's December 2008 Order, which was addressed in detail in my June 16, 2009 Order.  There is no provision in the federal rules or case law for multiple motions to reconsider.

Plaintiff justifies her third attempt to persuade the Court that this extra-record evidence should be admitted through inaccurately characterizing the Court Orders of June 16, 2009 and December 30, 2008 as "preliminary".  That argument finds no support in the text of either Order or anywhere else in the record.  Plaintiff also asserts that the Court's "Orders were entered before plenary review and outside of the full factual context" and that the Court should now "take a hard look at all of the evidence and surrounding circumstances." (Response, pp. 8-9).  From this, it is apparent that Plaintiff seems to believe that the Court made its evidentiary rulings without conducting a full or complete review and without considering all the relevant facts and circumstances.  Again, this argument is rejected.  The Court thoroughly reviewed and

analyzed Plaintiff's lengthy motions and objections concerning supplementation of the Administrative Record, and Plaintiff fails to show any facts and circumstances that were not properly considered.

I also find that Plaintiff has not met the standard governing motions to reconsider. The Orders which Plaintiff seeks reconsideration of are interlocutory in nature. "Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders." *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

"Thus, a court can alter its interlocutory order even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Nat. Business Brokers*, 115 F. Supp. 2d at 1256. "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Id.* (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* (quotation omitted).

In the case at hand, Plaintiff repeats many of the arguments she previously made and states no few facts which justify reconsideration of the prior orders. She also has

not shown how the prior Orders were erroneous under the law or otherwise demonstrated that the Orders should be modified in any manner. I find that Plaintiff has improperly sought to get a third "bite at the apple" and that her motion to reconsider is improper. *See Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a losing party's attorney to get [another] 'bite at the apple'" and make legal arguments that could have been raised before) (quotation omitted).

Plaintiff's argument that the inadmissible, extra-record evidence she cites in her dispositive motion is admissible to assess Ball's "conflict of interest," even if it is not admissible in considering the merits of her claim, has also been evaluated and rejected by the Court in its two prior rulings and I find no grounds to reconsider that ruling. I also reject Plaintiff's argument that she reasonably needs to cite evidence outside of the administrative record to preserve the record on appeal. Plaintiff has cited no authority in support of this argument and I find it is plainly without merit. The record is adequately preserved by the prior rulings denying Plaintiff's motion to request the supplement the record. If this case is appealed, Plaintiff will have the opportunity to supplement the record with the relevant court documents.

Finally, as to Plaintiff's contention that Defendants submitted extra-record evidence in connection with their Motion for Summary Judgment, that is a separate issue from whether Defendants' motion to strike Plaintiff's materials should be granted. There is no pending motion to strike Defendants' evidence. Thus, I will address that issue when I resolve Defendants' Motion for Summary Judgment.

Based on the foregoing, I find that Defendants' Motion to Strike Plaintiff's Brief on the Merits and Plaintiff's Statement of Facts should be granted on the merits. Rather than simply striking Plaintiff's brief and her statement of facts, I find that all of the pleadings related to Plaintiff's Motion for Judgment on the Merits should be stricken. Plaintiff should refile these documents without reference to materials that the Court has ruled cannot be supplemented in the administrative record. Further, to aid the Court in its decision Plaintiff shall refile her motion as a motion for summary judgment rather than a motion for judgment on the merits. That motion shall comply with my Practice Standards, and the Statement of Facts shall be included in that motion in accord with those Standards. Finally, however, I deny Defendant's request for attorney fees and costs incurred in connection with the filing of their Motion to Strike.

In conclusion, it is

ORDERED that Defendants' Motion to Strike Plaintiff's Brief on the Merits and Plaintiff's Statement of Facts [doc. #110], filed September 11, 2009, is **GRANTED** as to the merits but **DENIED** as to the request for attorney fees and costs. In accordance therewith, it is

ORDERED that Plaintiff's Motion for Judgment on the Merits (doc. # 105), Plaintiff's Opening Brief on the Merits Under ERISA (doc. # 106), and her Statement of Facts  Brief in Support (doc. # 107) are **STRICKEN**. It is

FURTHER ORDERED that Plaintiff may file her motion for summary judgment and supporting brief only after she has removed all citations and references to any evidence this Court has previously determined cannot be supplemented in the

administrative record (see Dkt. Nos. 64 and 98), and all factual assertions and legal argument supported by citations and references to this inadmissible evidence.  Plaintiff has **thirty (30) days** from the date of this Order to file a summary judgment motion. The briefing schedules set forth in D.C.COLO.LCivR 7.1C shall apply to the response and reply.

Dated:  December 23, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge